IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TYRONE ELLIS, #R9013                                                                         PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 3:12-cv-893-DPJ-FKB

McQUA JONES, Warden;
and CHRISTOPHER EPPS                                          DEFENDANTS

ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, Tyrone Ellis, an inmate at the Leake County Regional Correctional Facility, Carthage, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983. The defendants are McQua Jones, Warden of Leake County Correctional Facility, and Christopher Epps Commissioner of Mississippi Department of Corrections (MDOC). Plaintiff is requesting as relief in his complaint [1] that he be granted meritorious earned time after April 2008, that he "be place[d] under the 85% statue," and that he be issued an early release supervision (ERS) date.

Plaintiff states that he is serving a 20-year sentence for one count of armed robbery. Comp. [1] at 3. According to Plaintiff, after serving the mandatory time required for parole eligibility, which is 10 years, and because he is "still under the 85% statute," Plaintiff argues that he is eligible for meritorious earned time even though he cannot "make parole." *Id*. Because MDOC's calculation of his sentence does not include the meritorious earned time, Plaintiff files the instant civil action.

**I.  Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner civil actions that are proceeding *in forma pauperis* and provides that "the court shall

dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Court entered an order [5] granting Plaintiff *in forma pauperis* status. Thus, Section 1915(e)(2) applies to the instant case.

Plaintiff's complaint [1] argues that the calculation of his sentence should include credit for meritorious earned time he is entitled to receive since completing service of the 10-year mandatory portion of his sentence. If his argument proves to be true, Plaintiff could receive an early release. A claim that affects eligibility for, or entitlement to, accelerated release must be pursued though habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed. 253 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"); *Hernandez v. Livingston*, No. 12-50020, 2012 WL 5195813, at *2 (5th Cir. 2012)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(holding "[a] prisoner's challenge to the fact or duration of his confinement that seeks a shorter term of confinement ... must be brought in a habeas corpus action, not a § 1983 action"). With that in mind, this Court determines that Plaintiff cannot maintain the instant § 1983 civil action, but must pursue this cause by filing a petition for habeas relief.

Because Plaintiff must pursue this matter through habeas corpus, Plaintiff is required to exhaust his available state remedies prior to filing a petition for habeas relief in this court. *Preiser*, 411 U.S. at 500; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Plaintiff has an available state remedy to pursue the instant claim that his sentence has not been properly

calculated by filing a request with the Mississippi Department of Corrections administrative remedies program. *See Murphy v. State*, 800 So.2d 525, 527-28 (Miss.Ct.App. 2001). In the event Plaintiff does not receive the requested relief through the prison administrative remedies procedure, he may then pursue his claim in state court. *Id*. Plaintiff does not allege that he has presented a claim to the MDOC's administrative remedies program and the state courts of Mississippi relating to the calculation of his sentence.

This Court finds that Plaintiff has not met the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c). Because Plaintiff has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c), this Court will not liberally construe the instant complaint [1] as a petition for habeas corpus relief. Once he has exhausted his available state remedies, and if he does not receive the requested relief in the state courts, Plaintiff may then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in a new and separate action in this Court.

**II.  Conclusion**

Based on the foregoing, the instant § 1983 complaint [1] fails to state a claim upon which relief may be granted under § 1983 and is dismissed with prejudice. Plaintiff's habeas claims, however, are dismissed without prejudice so that those claims maybe pursued under 28 U.S.C. § 2254.

This case filed pursuant to 42 U.S.C. § 1983 is dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, and it will be counted as a "strike". *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2013.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE